IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAMID AKBARI; SEYEDAH
VIDA AMJADI-ZANJANI,

        Plaintiffs,                No. 2:11-cv-2219-MCE-EFB PS

     vs.

AZTEC FORECLOSURE
CORPORATION; ONE WEST
BANK, FSB,

                            ORDER AND
        Defendants.           FINDINGS AND RECOMMENDATIONS
_____/

       This case, in which plaintiffs are proceeding *pro se*, is before the undersigned pursuant to

Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  Defendants

Aztec Foreclosure Corporation ("Aztec") and OneWest Bank, FSB ("OneWest") move to

dismiss plaintiffs' complaint.  Dckt. Nos. 8, 16.  Plaintiffs move to strike Aztec's reply brief, and

also request leave to file an amended complaint if the motions to dismiss are granted.  Dckt. No.

20; *see also* Dckt. No. 13 at 7-8, Dckt. No. 22 at 15-16.  For the reasons stated herein, plaintiffs'

motion to strike is denied and the plaintiffs' federal claim should be dismissed without leave to

amend, and the remaining state law claims should be dismissed without prejudice pursuant to 28

U.S.C. § 1367.

////

1

I.      Background

Plaintiffs challenge the foreclosure sale of their property in Vallejo, California (the "subject property").  On February 14, 2008, plaintiffs obtained a loan from Gateway Bank, FSB ("Gateway") to refinance the subject property.  Compl. ¶ 8, Ex. B; Aztec's Req. for Jud. Notice, Dckt. No. 9, Ex. 1; OneWest's Req. for Jud. Notice, Dckt. No. 16-1, Exs. A, B.[1]

According to OneWest, the loan was then transferred to IndyMac Bank, FSB ("IMB") in February 2008.  OneWest's Mot. to Dismiss, Dckt. No. 16, at 2.  Then, in July 2008, IMB failed and was seized by the Federal Office of Thrift Supervision ("OTS"), the OTS appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver for IMB, and IMB's assets were transferred to the newly chartered IndyMac Federal Bank, FSB ("IMFB"), for which the FDIC was appointed as Conservator.  *See* July 11, 2008 FDIC Press Release, "FDIC Establishes IndyMac Federal Bank, FSB as Successor to IndyMac Bank, F.S.B., Pasadena, California," available at http://www.fdic.gov/news/news/press/2008/pr08056.html.[2]

On March 19, 2009, IMFB was closed and the FDIC was appointed as Receiver.  Certain assets of IMFB were transferred from the FDIC to OneWest under a Loan Sale Agreement.[3]  *See* March 19, 2009 Loan Sale Agreement between the FDIC as Receiver for IMFB and OneWest,

---

[1] Defendants' requests for judicial notice of the exhibits and evidence cited herein are granted.  Judicial notice may be taken of "adjudicative facts" (e.g., court records, pleadings, etc.) and other facts not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b).  A court may also take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] The court takes judicial notice of these facts, as they are "readily available on the FDIC's website, and '[j]udicial notice may be taken of documents available on government websites.'" *Long v. JP Morgan Chase Bank, Nat. Ass'n*, 2012 WL 220791, at *13, n.1. (D. Haw. Jan. 25, 2012) (quoting *Jarvis v. JP Morgan Chase Bank, N.A.*, 2010 WL 2927276, at *1 (C.D. Cal. July 23, 2010)).

[3] The court takes judicial notice of the Loan Sale Agreement since it is also readily available on the FDIC's website.  *See supra, n.2.*  Although OneWest requests that judicial notice be taken of the document, OneWest's request contains a copy of the wrong Loan Sale Agreement.  *See* Dckt. No. 16-1, Ex. C.

available at http://www.fdic.gov/about/freedom/IndyMacLoanSaleAgrmt.pdf.  The Loan Sale

Agreement provides that FDIC, as the receiver, retains liability arising out of acts or omissions

that occurred prior to March 19, 2009, and that OneWest specifically does not assume liability

for any claims properly brought against the receiver.  *Id.*, § 2.01(d) (stating that OneWest did not

obtain "any liabilities or obligations of the Seller attributable to an act, omission or

circumstances that occurred or existed prior to [March 19, 2009] other than the Assumed

Liabilities" and did not obtain "any liability or indebtedness of the Seller for contingent

liabilities or liabilities in respect of any injury to any Person or property").

On May 4, 2011, the beneficial interest in the deed of trust was assigned to OneWest

pursuant to an assignment deed of trust, which was recorded in Solano County on May 11, 2011.

Dckt. No. 9, Ex. 3; Dckt. No. 16-1, Ex. D.  On May 9, 2011, Aztec, as trustee under the deed of

trust, executed a "Notice of Default and Election to Sell," which was recorded on May 11, 2011.

Compl. ¶ 20, Ex. D; Dckt. No. 9, Ex. 2; Dckt. No. 16-1, Ex. E.  On July 13, 2011, OneWest

substituted Aztec as the trustee under the deed of trust; the substitution was recorded on August

10, 2011.  Compl., Ex. E; Dckt. No. 9, Ex. 4; Dckt. No. 16-1, Ex. F.

Thereafter, on August 4, 2011, Aztec issued a "Notice of Trustee's Sale," noticing the

sale for September 1, 2011; the notice was recorded on August 10, 2011.  Compl. ¶ 20, Ex. E;

Dckt. No. 9, Ex. 5; Dckt. No. 16-1, Ex. G.  On August 9, 2011, OneWest assigned the beneficial

interest in the deed of trust to OWB REO, LLC, and recorded the assignment on October 6,

2011.  Dckt. No. 9, Ex. 6.  On October 4, 2011, Aztec executed a "Trustee's Deed Upon Sale,"

conveying all interest in the property to OWB REO, LLC; the Trustee's Deed Upon Sale was

recorded on October 6, 2011.  Dckt. No. 9, Ex. 7; Dckt. No. 16-1, Ex. H.

Plaintiff filed this action on August 23, 2011, alleging claims for violations of the Truth

in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*; fraud/attempted fraud; defective/void deed

of trust and void promissory note contracts; intentional infliction of emotional distress; and

conditions precedent.  Compl., Dckt. No. 1.  Defendants Aztec and OneWest move to dismiss the

1    complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a

2    claim.  Dckt. Nos. 8, 16.

3    II.    Motion to Strike

4          Plaintiffs move to strike all portions of Aztec's reply brief pursuant to Rule 12(f), arguing

5    that the allegations therein "are insufficient to support claims, redundant, immaterial,

6    impertinent, and a sham pleading against plaintiffs intended to waste this court's time."  Dckt.

7    No. 20 at 2.  Rule 12(f) authorizes the court to order stricken from any pleading "any redundant,

8    immaterial, impertinent, or scandalous matter."  A matter is immaterial if it "has no essential or

9    important relationship to the claim for relief or the defenses being pleaded."  *Fantasy, Inc. v.

10   Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 517 (1994).

11   A matter is impertinent if it consists of statements that do not pertain to and are not necessary to

12   the issues in question.  *Id.*  Redundant matter is defined as allegations that "constitute a needless

13   repetition of other averments or are foreign to the issue."  *Thornton v. Solutionone Cleaning

14   Concepts, Inc*., 2007 WL 210586 (E.D. Cal. Jan. 26, 2007) (citing *Wilkerson v. Butler*, 229

15   F.R.D. 166, 170 (E.D. Cal. 2005)).  Finally, a matter is scandalous if it improperly casts a

16   derogatory light on a party or other person.  *Skadegaard v. Farrell,* 578 F. Supp. 1209, 1221

17   (D.N.J. 1984); *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

18   As with motions to dismiss for failure to state a claim, when ruling upon a motion to strike, the

19   court must view the pleading under attack in the light more favorable to the pleader.  *Lazar v.

20   Trans Union LLC,* 195 F.R.D. 665, 669 (C.D. Cal. 2000); *Multimedia Patent Trust v. Microsoft

21   Corp*., 525 F. Supp. 2d 1200, 1207 (S.D. Cal. 2007).  Motions to strike are generally viewed with

22   disfavor, and will usually be denied unless the allegations in the pleading have no possible

23   relation to the controversy, and may cause prejudice to one of the parties.  *See* 5A C. Wright &

24   A. Miller, *Federal Practice and Procedure*: Civil 2d 1380; *see also Hanna v. Lane*, 610 F. Supp.

25   32, 34 (N.D. Ill. 1985).

26   ////

4

1    Here, plaintiffs have not addressed this standard nor have they shown that any portion of

2    the brief is redundant, immaterial, impertinent, or scandalous.  Aztec was authorized to file a

3    reply brief under Local Rule 230(d) and plaintiffs have provided no explanation for why the

4    brief should be stricken.  Accordingly, plaintiffs' motion to strike that brief, Dckt. No. 20, is

5    denied.

6    III.    Motions to Dismiss

7            Aztec and OneWest move to dismiss plaintiff's complaint under Rule 12(b)(6) for failure

8    to state a claim.  Dckt. Nos. 8, 16.

9            A.    Legal Standards

10           To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

11   must contain more than a "formulaic recitation of the elements of a cause of action"; it must

12   contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell*

13   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more

14   . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

15   action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

16   236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

17   'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

18   (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff

19   pleads factual content that allows the court to draw the reasonable inference that the defendant is

20   liable for the misconduct alleged." *Id*.  Dismissal is appropriate based either on the lack of

21   cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

22   theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

23           In considering a motion to dismiss, the court must accept as true the allegations of the

24   complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

25   the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

26   in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

1  (1969).  The court will "'presume that general allegations embrace those specific facts that are

2  necessary to support the claim.'"  *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

3  (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

4        Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

5  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

6  1985).  However, the court's liberal interpretation of a pro se litigant's pleading may not supply

7  essential elements of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.

8  1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

9  Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual

10  allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v.

11  Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept

12  unreasonable inferences, or unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643

13  F.2d 618, 624 (9th Cir. 1981).

14        The court may consider facts established by exhibits attached to the complaint.  *Durning

15  v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

16  which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of

17  public record, including pleadings, orders, and other papers filed with the court.  *Mack v. South

18  Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

19        A pro se litigant is entitled to notice of the deficiencies in the complaint and an

20  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.

21  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

22        B.    <u>Plaintiff's Federal Claim: TILA</u>

23        Plaintiffs' complaint alleges only one federal claim: that defendants violated TILA, 15

24  U.S.C. §§ 1601 *et seq.*  Compl. ¶¶ 35-51.  Plaintiffs allege that defendants violated TILA by

25  failing to provide plaintiffs certain required disclosures and certain required pre-disclosures.  *Id.*

26  ¶¶ 37-38.  They also allege that the lender did not properly sign the loan and therefore did not

6

create a valid contract with plaintiffs, and that "[t]he contract is a one sided agreement." *Id.*
¶¶ 40-41.  Plaintiffs contend that the lender did not "carry out a loan according to the plain
English language understanding of the word" and that therefore plaintiffs were deceived
concerning the true nature of the transaction. *Id.* ¶ 42.  Finally, plaintiffs allege that one of the
disclosure forms (the HUD 1 form) was not completed properly. *Id.* ¶¶ 46-48.

Aztec moves to dismiss plaintiffs' TILA claim, arguing that it is not liable for issues
involving the origination of the subject loan since Aztec is not plaintiffs' lender or a creditor
under TILA.  Aztec's Mot. to Dismiss, Dckt. No. 8, at 3.  Rather, Aztec was acting as the
substituted trustee to the deed of trust and had no involvement in the loan origination. *Id.*  The
loan originated in 2008, and Aztec was not substituted in as trustee until July 2011. *Id.*

OneWest also moves to dismiss the TILA claim, arguing that it also is not liable for
conduct that occurred during the February 2008 origination of the subject loan.  OneWest's Mot.
to Dismiss, Dckt. No. 16, at 5-7.  OneWest was not formed until March 19, 2009, which was
when it acquired the subject loan, and it did not assume any liability, obligations, or claims
attributable to any acts, omissions, or circumstances that occurred or existed prior to that date.
*Id.* at 5.  OneWest also expressly disclaimed assumption of liability arising from plaintiffs'
claims; the FDIC is the responsible party with respect to those claims. *Id.* at 5-6; *see also*
OneWest's Req. for Jud. Notice, Dckt. No. 16-1, Ex. C.  OneWest contends that there is no
transfer of liability to an assuming institution such as OneWest absent an express agreement to
the contrary. *Id.* at 6.  Additionally, OneWest contends that plaintiffs' TILA claims fail as a
matter of law since they can only be brought against Gateway and they are barred by the statute
of limitations. *Id.* at 7-9.

Plaintiffs' opposition to Aztec's motion to dismiss does not mention plaintiffs' TILA
claim. *See generally* Dckt. No. 13.  In opposition to OneWest's motion, plaintiffs contend that
OneWest is a creditor, as defined by TILA, and is therefore liable for failing to provide plaintiffs
with meaningful TILA disclosures.  Dckt. No. 22 at 5-6.  Plaintiffs do not respond to OneWest's

1   arguments that it is not liable for loan origination acts or omissions and that plaintiffs' TILA

2   claims are time-barred.  *See, generally, id.*

3         Plaintiffs' complaint fails to sufficiently allege a TILA claim against either of the

4   defendants.  First, Aztec is not liable for any of the alleged defects in the February 2008 loan

5   origination process since it had no involvement in the loan origination, was not substituted in as

6   trustee until July 2011, and was not assigned any beneficiary interest under the subject loan.  *See*

7   *Medina v. EMC Mortg. Corp.*, 2010 WL 2573006, at *2 (N.D. Cal. June 24, 2010) (stating that

8   because the loan servicer and trustee "were not the original lender of the first loan and are not

9   alleged to have been assigned any beneficiary interest under the loan, they are not proper parties

10  to a TILA action").  Further, plaintiffs do not allege how or why defendant OneWest is liable for

11  the alleged TILA violations, which occurred in February 2008 during plaintiffs' loan origination

12  process, before OneWest came into existence.  Plaintiffs failed to respond to OneWest's

13  argument that it cannot be liable for any of the alleged defects in the February 2008 loan

14  origination process since it did not acquire the subject loan until March 2009, and it did not

15  assume any liability for conduct relating to the loan that occurred prior to that date.  Nor do

16  plaintiffs dispute that because OneWest expressly disclaimed liability in the Loan Sale

17  Agreement with the FDIC, the liability for Gateway's acts and/or omissions did not transfer to

18  OneWest.[4]  Therefore, plaintiffs' TILA claims against OneWest are insufficient to withstand

19  OneWest's motion to dismiss.  It is unclear how plaintiffs would attempt to cure these

20  deficiencies by amending the complaint.

21  ////

---

22         [4] Although OneWest did not provide evidence of the loan transfer between Gateway and
23  IMB in February 2008, plaintiffs allege in the complaint that while "[t]here is no apparent valid
    assignment for transfer of rights from Gateway Bank, FSB to IndyMac Bank, FSB conveying to
24  OneWest Bank, FSB, . . . the 'Trustee's Deed Upon Sale' clearly names OneWest Bank as
    Beneficiary not the Grantor."  Compl., ¶ 64.  Moreover, plaintiffs did not respond to OneWest's
25  argument that it disclaimed any liability for Gateway's acts and/or omissions in the Loan Sale
    Agreement, nor did they challenge OneWest's contentions regarding the loan transfer between
26  Gateway and IMB.

1    Moreover, plaintiffs' TILA claim is barred by the statute of limitations.  TILA is intended
2    to protect consumers in credit transactions by requiring "meaningful disclosure of credit terms."
3    15 U.S.C. § 1601(a).  A lender's violation of TILA allows the borrower to seek damages or to
4    rescind a consumer loan secured by the borrower's primary dwelling.  *Copeland v. Lehman*
5    *Brothers Bank, FSB*, 2010 WL 2817173, at *5 (S.D. Cal. July 15, 2010).  However, a plaintiff's
6    damage claims relating to improper disclosures under TILA are subject to a one-year statute of
7    limitations, 15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated.
8    *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986); *see also Meyer v. v. Ameriquest Mortg.*
9    *Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (failure to make the required disclosures under TILA
10   occurs at the time the loan documents were signed).  Rescission claims under TILA "shall expire
11   three years after the date of the consummation of the transaction or upon the sale of the property,
12   whichever occurs first."  15 U.S.C. § 1635(f).  The right to rescission under TILA expires three
13   days after the necessary disclosures are provided to the borrower.  15 U.S.C. § 1635(a).

14   Here, plaintiffs do not dispute that the loan documents were signed on or around
15   February 14, 2008, but this action was not filed until August 23, 2011, more than three years
16   later.  Thus, plaintiff's TILA claim was untimely filed.  Moreover, there is no equitable tolling of
17   any rescission claim: § 1635(f) is a statute of repose, not a statute of limitations, and as such is
18   not subject to equitable tolling.  *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998); *Miguel v.*
19   *Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("[S]ection 1635(f) represents an
20   'absolute limitation on rescission actions' which bars any claims filed more than three years after
21   the consummation of the transaction.") (citing *King*, 784 F.2d at 913 (9th Cir. 1986)).
22   Accordingly, plaintiffs' TILA rescission claim is dismissed without leave to amend.

23   As to the damages claims brought under TILA, plaintiffs' complaint does not allege
24   sufficient facts to be entitled to equitable tolling.  "[T]he doctrine of equitable tolling may, in the
25   appropriate circumstances, suspend the limitations period until the borrower discovers or had
26   reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA

1    action." *King*, 784 F.2d at 915.  While the applicability of the equitable tolling doctrine often

2    depends on matters outside the pleadings, *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204,

3    1206 (9th Cir. 1995), dismissal may be appropriate when a plaintiff fails to allege facts

4    suggesting that he did not have a reasonable opportunity to discover the violation.  *Meyer*, 342

5    F.3d at 902-03 (refusing to apply equitable tolling to TILA claim because the plaintiff was in full

6    possession of all loan documents and did not allege any concealment of loan documents or other

7    action that would have prevented discovery of the alleged TILA violations); *see also Hubbard v.*

8    *Fid. Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (finding that plaintiff was not entitled to equitable

9    tolling of her TILA claim because "nothing prevented [plaintiff] from comparing the loan

10   contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements").

11   To establish excusable delay, a plaintiff must show, *inter alia*, his due diligence until discovery

12   of the operative facts that are the basis of his cause of action.  *See Edstrom v. Ndex West. LLC*,

13   2010 WL 4069482, at *3 (citing *Fed. Elec. Comm'n v. Williams*, 104 F.3d 237, 240-41 (9th Cir.

14   1996)).  Here, not only does plaintiffs' complaint fail to allege any facts supporting equitable

15   tolling of the statute of limitations, but plaintiffs' opposition, which acknowledges the doctrine

16   of equitable tolling, does not set forth any facts supporting equitable tolling.  Dckt. No. 22 at 14-

17   15.  Therefore, plaintiffs are not entitled to equitable tolling of the statute of limitations.  *See*

18   *Edwards v. Aurora Loan Servs., LLC*, 2011 WL 1668926, at *16 (E.D. Cal. May 2, 2011).

19         Although plaintiffs request leave to file an amended complaint, amendment of plaintiffs'

20   TILA claim against the defendants named herein would be futile.  Accordingly, that request

21   should be denied.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court

22   ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where

23   it appears amendment would be futile).  Accordingly, defendants' motions to dismiss plaintiffs'

24   TILA claim should be granted without leave to amend.

25   ////

26   ////

10

1          C.      State Law Claims

2          Plaintiffs also assert numerous supplemental state law claims throughout the complaint.

3  *See generally* Compl.  Defendants move to dismiss each of those claims on the merits.  However,

4  because plaintiffs' only federal claim must be dismissed,[5] this court should decline supplemental

5  jurisdiction over those state law claims.

6          It is within the court's discretion to exercise supplemental jurisdiction over plaintiffs'

7  remaining state law claims.  *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639-40 (2009);

8  *Albingia Versicherungs A.G. v. Schenker Int'' Inc.*, 344 F.3d 931, 936 (9th Cir. 2003); 28 U.S.C.

9  § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim

10  under subsection (a) if . . . the district court has dismissed all claims over which it has original

11  jurisdiction.").  "[I]n the usual case in which all federal-law claims are eliminated before trial,

12  the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy,

13  convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the

14  remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

15  Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to

16  promote justice between the parties, by procuring for them a surer-footed reading of the

17  applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  Here,

18  the only federal claim will be eliminated at the pleadings phase, and all the remaining claims are

19  state law claims.  It is in the interests of judicial economy, convenience, fairness, and comity to

20  dismiss the remaining state law claims without prejudice pursuant to 28 U.S.C. § 1367(c).

21  ////

22  ////

23

24          [5] Nor does it appear that this court has diversity jurisdiction since plaintiffs and OneWest are
citizens of California.  *See* Compl. ¶ 3 (asserting that the federal question presented is the basis for
25  this court's jurisdiction); *id.* ¶ 5 (alleging that plaintiffs are California citizens); *see also White v.
IndyMac Bank,* FSB, 2012 WL 139203, at *5 (D. Haw. Jan. 18, 2012) (stating that OneWest is a
26  federally chartered bank with its principal place of business in California).

IV.     Conclusion

        For the foregoing reasons, IT IS HEREBY ORDERED that plaintiffs' motion to strike

portions of Aztec's reply brief, Dckt. No. 20, is denied.

        Further, IT IS RECOMMENDED that:

        1.  Defendants' motions to dismiss plaintiffs' complaint, Dckt. Nos. 8 and 16, be granted

in part;

        2.  Plaintiffs' TILA claim be dismissed without leave to amend;

        3.  Plaintiffs' state law claims be dismissed without prejudice under 28 U.S.C. § 1367(c);

and

        4.  The Clerk be directed to close this case.

        These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v.*

*Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 26, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

12